[No. 10317.    Department Two.    March 6, 1913.]

SEATTLE & PUGET SOUND PACKING COMPANY, *Respondent*,
v. THE CITY OF SEATTLE *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS — WATER MAINS—DAMAGES—NEGLIGENCE EVIDENCE—SUFFICIENCY. In an action for damages from water escaping from a city main, there is sufficient evidence of the negligence of the city, where it appears that a terminal of considerable dimensions was closed by a cap held by braces carried back some distance to an embankment of earth, that service pipes near the end were subsequently put in, and not made water tight, and escaping water loosened the earth and caused the cap to give way under the pressure of the water.

TRIAL — MOTION FOR DIRECTED VERDICT — EVIDENCE SUBSEQUENTLY ADMITTED. After a challenge by one of the defendants to the sufficiency of the evidence is overruled, the plaintiff is entitled to the benefit of any evidence that may later be admitted on a trial of the issue against a codefendant; since a plaintiff does not rest at his peril, and may be allowed to reopen his case.

Appeal from a judgment of the superior court for King county, Gay, J., entered February 24, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*James E. Bradford* and *William B. Allison*, for appellants.
*Revelle, Revelle & Revelle*, for respondent.

FULLERTON, J.—The respondent, Seattle & Puget Sound Packing Company, recovered against the city of Seattle for

[1]Reported in 130 Pac. 493.

damages caused its stock of goods by water escaping from one of the city's water mains. The action was brought against the city and MacAdam & Company, jointly; the last named company being the contractors who laid the main from which the water escaped. On the trial, at the conclusion of the respondent's case in chief, each of the defendants challenged the legal sufficiency of the evidence to make a case sufficient for the jury and moved for a directed verdict. The challenges and motions were denied, whereupon MacAdam & Company introduced evidence on their own behalf and rested. The city announced that it would introduce no evidence on its behalf but would stand on the record as made. Both defendants thereupon renewed their challenges to the sufficiency of the evidence, and again moved for directed verdicts. The court granted the challenge and motion of MacAdam & Company, but denied the challenge and motion of the city. Judgment was afterward entered against the city, from which it appeals.

The only question discussed in the brief of the city is the legal sufficiency of the evidence to sustain the judgment. Its attorneys argue that, before any recovery could be had, it was incumbent on the respondent to show that the city was guilty of some act of commission or omission which permitted the water causing the injury to escape from the water main, and that there is no such evidence in the record. We cannot, however, accept this view of the record. To our minds it shows both acts of commission and omission which were directly responsible for the escape of the water. It appears that the main was of considerable dimensions and that the terminal end thereof was closed by a cap placed over it which was held in place by braces made of timbers and carried back some little distance to an embankment where they found support against the solid earth. That, after the cap had been in place for some time, the city's employees tapped the main some five feet from its end and placed therein service pipes which were extended to the nearby dwellings. These service pipes were

laid over and through the timbers bracing the cap, were not absolutely water tight, and suffered more or less water to escape. The effect was to soften the earth surrounding the timbers, causing them to loosen, and, together with the cap, to give way to the pressure of the water. Clearly there were here acts of negligence on the part of the employees of the city sufficient to support a judgment for damages caused by the escaping water.

Some of the facts we have recited appeared in the testimony of the witnesses produced by MacAdam & Company in support of their defense after the respondent had rested and after the city had challenged the legal sufficiency of the evidence. The city's brief proceeds on the theory that this evidence cannot be considered in determining the question of the legal sufficiency of the evidence against its challenges, but we think the rule otherwise. Under the practice in this state, a plaintiff does not rest at his peril. On the contrary, should a challenge be interposed to the legal sufficiency of his evidence which the trial judge should deem well taken, it would be an abuse of discretion, under all ordinary circumstances, to refuse to allow him to reopen his case and supply the omitted proofs if he requested so to do. In this case, had the trial judge sustained the challenge in the place of overruling it, undoubtedly the respondent would have supplied the defect, as the evidence was within his call. Since this is so and since the evidence is now in the record, it would be but little better than farcical to send the case back to an already overburdened court for another hearing, with its accompanying waste in costs and time, simply because evidence, which abundantly sustains the judgment, did not get into the record according to the strict rules of practice. The appellant is not denied justice by this principle; it had its opportunity to defend on the merits, and if it failed to do so the fault is entirely its own.

The judgment is affirmed.

MOUNT, MORRIS, ELLIS, and MAIN, JJ., concur.